

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00342-CR

---

HOANG THANH TRINH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 33060B, Honorable Titiana D. Frausto, Presiding

---

July 13, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant Hoang Thanh Trinh appeals from his convictions for aggravated sexual assault of a child and two counts of indecency with a child by sexual contact.[1] By his two issues, he challenges the trial court judgments by arguing: (1) the evidence was insufficient to support his convictions and (2) the judgment should be modified to delete provisions related to attorneys' fees and time payment fees. We affirm as modified.

---

[1] *See* TEX. PENAL CODE §§ 22.021(a)(2)(B), 21.11(a)(1).

## BACKGROUND

Complainant in this cause is D.P., who was ten years old at the time of the offense, occurring sometime around New Year's Day of 2021. Appellant was a family friend referred to as an "uncle" living with D.P.'s grandmother in Amarillo. The grandmother hosted a 2021 New Year's celebration at her house, attended by D.P., her three brothers, their father, and Appellant. D.P.'s mother did not attend the celebration.

During the evening, the adults enjoyed alcoholic beverages and karaoke; the four siblings spent a good portion of the night playing games on their tablets. After the grandmother had left for the night shift at work and D.P.'s father left to join her mother at a hotel, Appellant was left alone at the house with D.P. and her three brothers. The two older brothers shared a room, and D.P. and her younger brother went to sleep in their grandmother's room in her absence.

Sometime after the children went to bed, Appellant entered the grandmother's room and used the attached restroom. He then went to lie down on the bed next to D.P. She testified that he hugged her and pulled her close to him, wrapping his leg over her. Feeling uncomfortable, she told him she had to use the restroom and got up from the bed. When she returned, she lay down on the other side of her brother, positioning herself away from Appellant on the bed. However, Appellant pulled her over and across her brother and placed her next to him. He then proceeded to lift her shirt and fondle, lick, and tug at her breasts. At some point, Appellant climbed on top of D.P., pulled down D.P.'s shorts and underwear, and began to lick her private area and manipulate her genitals with his fingers. He attempted to force D.P.'s hand into his pants, but she maintained a fist and refused to touch his genital area, noting that the only back of her

2

closed fist touched the area. Appellant also tried to place his tongue in D.P.'s mouth, during which time, she recalled, she smelled a strong odor of alcohol on his breath.

Eventually, D.P. was able to push Appellant away from her and run to the room where her older brothers were. Her eldest brother was still awake and heard D.P.'s account of Appellant's touching her. He responded by explaining that Appellant was intoxicated. D.P. slept in the room with her older brothers that night. The next morning, she reported the incident to her grandmother who was very upset upon hearing it. However, fearing that she and Appellant would be put in jail, she advised D.P. to refrain from telling anyone else. When the family returned to their home in Dallas, D.P. eventually told both her father and mother about what Appellant had done. However, the matter was not reported to authorities until D.P. chose to tell a friend about what happened and that friend told others who reported the incident to CPS.

Appellant was indicted on three counts—aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. He pleaded not guilty, but a jury convicted him on all three counts. Appellant opted for the jury to assess punishment. He was sentenced to thirty years' imprisonment for aggravated sexual assault of a child and five years' imprisonment for each count of indecency with a child. The trial court ordered the sentences in Counts 2 and 3 to be served concurrently with each other, but consecutive to the sentence in Count 1.

## ISSUE ONE—SUFFICIENCY OF EVIDENCE

In his first issue, Appellant claims the evidence was insufficient to support his convictions. We disagree.

3

The only standard recognized by the Texas Court of Criminal Appeals in reviewing the sufficiency of the evidence necessary to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Turner v. State*, 573 S.W.3d 455, 458 (Tex. App.—Amarillo 2019, no pet.).

In reviewing the sufficiency of the evidence, we consider all evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319; *see also Reese v. State*, No. 07-19-00253-CR, 2020 Tex. App. LEXIS 3771, at *15 (Tex. App.—Amarillo May 4, 2020, pet. ref'd) (citing *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017)). We then determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Turner*, 573 S.W.3d at 458. The factfinder is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the factfinder's role by substituting its judgment for that of the jury. *Id*. We defer to the responsibility of the factfinder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* (citing *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016)).

The uncorroborated testimony of a child sexual abuse victim alone is sufficient to support a conviction for either the offense of continuous sexual abuse or the underlying predicate offenses of indecency with a child or sexual assault. *See* TEX. CODE CRIM. PROC. art. 38.07(a), (b)(1); *Turner*, 573 S.W.3d at 459. Corroboration of the child victim's

4

testimony by medical or physical evidence is not required. *Turner*, 573 S.W.3d at 459. The *mens rea* and requisite specific intent of the accused can be inferred from the defendant's conduct, his remarks, and the circumstances surrounding the commission of the offense. *Id.* Additionally, Texas courts will give wide latitude to testimony given by child victims of sexual abuse. *Ryder v. State*, 514 S.W.3d 391, 396 (Tex. App.—Amarillo 2017, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc)). The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as would an adult. *Ryder*, 514 S.W.3d at 396.

In Count 1, the State alleged that Appellant committed the offense of aggravated sexual assault of a child by causing "the sexual organ of [the victim], a child who was then and there younger than 14 years of age, to contact the mouth of the defendant." D.P. testified in detail that Appellant positioned himself near her private area and started licking her private area. While Appellant cites inconsistencies in D.P.'s account, the jury was free to consider those perceived inconsistencies, and, by its findings, it resolved any inconsistencies in favor of D.P.'s testimony. *See Gonzalez v. State*, 522 S.W.3d 48, 57 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("The jury could resolve any contradictions between the girls' live testimony and earlier forensic interviews in favor of the girls' account.").

In Count 2, the State alleged that Appellant committed the offense of indecency with a child by "touching the genitals of [the victim]." Here, again, D.P. detailed how Appellant used his hands to spread open her genital area by "moving his fingers and opening it wider." Her testimony alone is sufficient to support the jury's verdict of guilt for

5

indecency with a child by sexual contact. Similarly, in Count 3, the State alleged that Appellant committed the offense of indecency with a child by "touching the breast of [the victim]." D.P. testified consistently with her earlier accounts that Appellant began grabbing her breasts under her clothing. She also testified that Appellant licked her breasts. Clearly, the jury found her testimony to be credible and consistent. We will not disturb the jury's finding on this record. The evidence is sufficient to support the jury's finding that Appellant was guilty of a second count of indecency with a child by sexual contact.

To the extent Appellant also challenges the evidence of the *mens rea* elements, Appellant's conduct and circumstances surrounding the commission of the offenses provide sufficient evidence. Appellant waited to interact with D.P. until the grandmother had gone to work, her father had left the house, and the two older brothers were in a separate room. He kept all the lights off and stayed quiet. When D.P. attempted to distance herself after going to the bathroom, he renewed his efforts and pulled her back to him. He also engaged in several different methods of touching. He also grabbed her when she attempted to leave the room.

Notwithstanding, Appellant cites the lack of corroborating evidence in his sufficiency arguments. However, medical corroboration is not needed. *See Turner*, 573 S.W.3d at 459. Further, the investigating detective testified that, during their interviews, D.P.'s brothers confirmed D.P.'s initial outcry, stating D.P. came into the room crying and describing that "their uncle had gotten touchy-feely." Appellant also attempts to highlight inconsistencies in D.P.'s account concerning body positioning and timing to highlight the need for corroborating evidence. However, we fail to discern these same inconsistences.

6

Given D.P.'s young age, we give wide latitude to her account of the experience and her description of the acts performed. *See Ryder*, 514 S.W.3d at 396.

The record evidence is such that a rational juror could have found beyond a reasonable doubt each element of the charged offenses. Accordingly, we overrule Appellant's first issue challenging the sufficiency of the evidence.

### ISSUE TWO—BILL OF COSTS

By his second issue, Appellant seeks modification of the judgment to delete any assessment of attorney's fees against him and the time payment fee. Appellant requests that we modify the trial court's judgment and Bill of Costs to delete the assessment of attorney's fees. The State agrees that such a modification is appropriate in this case. We agree.

The trial court determined Appellant to be indigent, and the record does not reflect that Appellant's indigency status changed. Nonetheless, included in the record before us is a Bill of Costs which reflects a charge of $10,350 for court-appointed attorney's fees. The amount is consistent with the Randall County Attorney Fee Voucher also included in the clerk's record.

A trial court errs if it orders the reimbursement of court-appointed attorney's fees in the absence of record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *see* TEX. CODE CRIM. PROC. art. 26.05(g). Here, nothing in the record shows that the trial court found Appellant had the financial resources to pay as required by article 26.05(g). Consequently, we will reform the judgment to delete the reference to

7

assessment of attorney's fees and reform the Bill of Costs to delete the assessment of attorney's fees against Appellant. *See Fugett v. State*, 721 S.W.3d 120, 123 (Tex. App.—Amarillo 2025, no pet.) (reforming judgment under similar circumstances).

Appellant also argues, and the State likewise concedes, that the judgment should also be reformed to remove, as premature, the time payment fee assessed against him in the Bill of Costs. *See Barrera v. State*, No. 07-25-00109-CR, 2025 Tex. App. LEXIS 8214, at *4 (Tex. App.—Amarillo Oct. 23, 2025, no pet.) (mem. op., not designated for publication) (quoting *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), and holding that the assessment of a time payment fee is premature while the appeal pends and must be deleted). The State's concession on this issue is well-taken. Therefore, we modify the trial court's written judgments and the Bill of Costs to delete the following items: (1) the assessment of $10,350 in attorney's fees against Appellant and (2) the assessment of a $15 time payment fee

## CONCLUSION

Having overruled Appellant's first issue, we affirm the trial court's judgments of conviction so modified.

Laura A.W. Pratt
Justice

Do not publish.

8